IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF HAWAII

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>　　　　　Plaintiff,<br><br>　vs.<br><br>GREGORY K. COOK,<br><br>　　　　　Defendant. | CR NO. 19-00170 JAO<br><br>**ORDER AFFIRMING MAGISTRATE JUDGE DECISION DENYING DEFENDANT'S MOTION TO REOPEN/RECONSIDER DETENTION AND FOR EMERGENCY PRETRIAL RELEASE** |

**ORDER AFFIRMING MAGISTRATE JUDGE DECISION DENYING DEFENDANT'S MOTION TO REOPEN/RECONSIDER DETENTION AND FOR EMERGENCY PRETRIAL RELEASE**

Defendant Gregory K. Cook ("Defendant") appeals the Magistrate Judge's May 5, 2020 Order denying his Motion to Reopen/Reconsider the Order of Detention.  The Court determines this matter is suitable for decision without a hearing.  Having considered the parties' briefs and the record, the Court AFFIRMS the Magistrate Judge's Order.

## I.　BACKGROUND

On December 5, 2019, Defendant was indicted on four counts:  two counts of possessing 5 grams or more of methamphetamine with intent to distribute in violation of 21 U.S.C. §§ 841(a)(1) and 841(b)(1)(B); possessing a mixture or substance containing a detectable amount of heroin with intent to distribute in

violation of 21 U.S.C. §§ 841(a)(1) and 841(b)(1)(C); and possessing a firearm in furtherance of a drug trafficking crime in violation of 18 U.S.C. § 924(c)(1)(A). *See* ECF No. 1. The Indictment also alleges Defendant is subject to increased punishment under 18 U.S.C. § 924(c)(1)(C)(i) for having a prior conviction for using and carrying a firearm in relation to a crime of violence under 18 U.S.C. § 924(c). *See id.*

On December 13, 2019, the Court held a detention hearing and found there were no conditions or combination of conditions that would reasonably assure the appearance of Defendant as required and the safety of the community, and so ordered Defendant detained without bail. *See* ECF Nos. 10, 11. The original detention order found that the rebuttable presumption under 18 U.S.C. § 3142(e)(3) applied because there is probable cause to believe Defendant committed an offense for which a maximum term of imprisonment of 10 years or more is prescribed in the Controlled Substances Act, and an offense under 18 U.S.C. § 924(c), and that Defendant had not introduced sufficient evidence to rebut that presumption. *See* ECF No. 11. The original detention order listed the reasons for Defendant's detention as including: Defendant's prior criminal history; participation in criminal activity while on probation, parole, or supervision; history of violence or use of weapons; and the fact that Defendant committed the alleged offenses while on probation with the State of Hawaiʻi. *See id.* Defendant moved for

reconsideration of his detention, which was denied.  *See* ECF Nos. 12, 15, 17.

On April 24, 2020, Defendant filed a Motion to Reopen/Reconsider Detention and for Emergency Pretrial Trial release asking the Magistrate Judge to reconsider detention due to the COVID-19 pandemic, that he is 63 years old, and that he suffers from emphysema.  *See* ECF No. 21.  The government opposed that motion.  *See* ECF No. 25.  Magistrate Judge Kenneth J. Mansfield denied Defendant's motion on May 5, 2020, concluding that pretrial detention is still appropriate because no condition or combination of conditions will reasonably assure the safety of any other person and the community.  *See* ECF No. 27.  Defendant now appeals that order, and the government has filed a response asking the Court to affirm the Magistrate Judge's Order.  *See* ECF Nos. 28, 30, 31, 32.

## II.    LEGAL STANDARD

A person detained by order of a magistrate judge may file a motion for revocation or amendment of the order with the district judge presiding over his case.  *See* 18 U.S.C. § 3145(b).  This Court's review is de novo, meaning that this Court must ultimately make its own determination of the facts and of the propriety of detention.  *See United States v. Koenig*, 912 F.2d 1190, 1191–93 (9th Cir. 1990); CrimLR 57.7.  Under de novo review, the district court "should review the evidence before the magistrate [judge] and make its own independent determination whether the magistrate[] [judge's] findings are correct, with no

deference." *Id.* at 1193. However, "the district court is not required to start over in every case, and proceed as if the magistrate[] [judge's] decision and findings did not exist." *Id.* While the district court may hold an evidentiary hearing, it is not required to do so where no evidence is offered that was not before the magistrate judge. *See id.*

A defendant must be detained pending trial where no condition or combination of conditions will reasonably assure the appearance of the person as required and the safety of any other person and the community. *See* 18 U.S.C. § 3142(e)(1). The Bail Reform Act imposes a rebuttable presumption against pretrial release where there is probable cause to believe a defendant committed certain enumerated offenses. *See* 18 U.S.C. § 3142(e)(3). While the presumption shifts the burden of production to the defendant, the burden of persuasion remains with the government—and a finding that the defendant is a danger to any other person or the community must be supported by clear and convincing evidence. *See United States v. Hir*, 517 F.3d 1081, 1086 (9th Cir. 2008). If a defendant proffers evidence to rebut the presumption, the court considers four factors to determine whether the pretrial detention standard is met: (1) the nature and circumstances of the offense charged; (2) the weight of the evidence against the person; (3) the history and characteristics of the person, including the person's character, physical and mental condition, family and community ties, employment, financial

resources, past criminal conduct, and history relating to drug or alcohol abuse; and (4) the nature and seriousness of the danger to any person or the community that would be posed by the defendant's release. *See id.* (citing 18 U.S.C. § 3142(g)) (other citations omitted). "The presumption is not erased when a defendant proffers evidence to rebut it; rather the presumption remains in the case as an evidentiary finding militating against release, to be weighed along with other evidence relevant to factors listed in § 3142(g)." *Id.* (citation and internal quotation marks omitted).

A separate provision of the Bail Reform Act, 18 U.S.C. § 3142(i), provides that a court may temporarily release a detained defendant if "such release [is] necessary for preparation of the person's defense," or "for another compelling reason." 18 U.S.C. § 3142(i). Courts faced with requests for temporary release under § 3142(i)—which have become common in the wake of the COVID-19 pandemic—have noted that the defendant bears the burden of establishing circumstances that justify temporary release under this subsection. *See United States v. Keeton*, No. 2:19-CR-00107-KJM, 2020 WL 2197918, at *2 (E.D. Cal. May 6, 2020) (citing cases). While at least one district court faced with such a request under § 3142(i) has expressed concern with placing undue weight on the § 3142(g) factors when determining if a "compelling reason" justifies temporary release under § 3142(i), it nonetheless noted that "the overwhelming majority of

5

courts agree that an examination of the defendant's dangerousness and risk of flight is appropriate when deciding a temporary release motion." *See United States v. Wilburn*, No. 2:18-cr-115, 2020 WL 1899146, at *3–4 (W.D. Pa. Apr. 17, 2020).

### III.   DISCUSSION

**A.   18 U.S.C. § 3142(g) Analysis**

Under 18 U.S.C. § 3142(f), a detention hearing may be reopened before trial if "the judicial officer finds that information exists that was not known to the movant at the time of the hearing and that has a material bearing on the issue whether there are conditions of release that will reasonably assure the appearance of the person as required and the safety of any other person and the community." Upon an independent review, the Court concludes that the facts justifying Defendant's detention have not changed, and the fact that Defendant is 63 years old and suffers from emphysema does not presently require release.  Instead, the government has proven that Defendant remains a flight risk and danger to the community, meaning detention is still appropriate under 18 U.S.C. § 3142.

That probable cause exists for the offenses charged here raises a presumption of detention, *see* 18 U.S.C. § 3142(e)(3), and the nature and circumstances of the offenses support continuing Defendant's detention.  *See* ECF No. 25 at 12–13 (detailing evidence, including gun and firearm seized during execution of a search warrant on Defendant's vehicle and Defendant's

admissions).[1] Despite Defendant's familial support and ties to the community, his history and characteristics do not weigh in favor of release. As prior detention orders have noted, Defendant was on state probation at the time of the alleged offenses. *See* ECF No. 11; ECF No. 25 at 13. The government also contends—without objection from Defendant—that after he was released on bond for related charges brought by the State of Hawai'i and before he was arrested by federal authorities in this case, Defendant was involved in an auto accident and found with 45 grams of methamphetamine in his possession. *See* ECF No. 25 at 12. Defendant's criminal history is also extensive, including convictions for drugs, burglary, and a robbery involving controlled substances and the use of a firearm. As the government reasonably points out, monitoring and supervising a defendant with this history could prove more challenging in the current environment. *See*

---

[1] Defendant cites *United States v. McLean*, No. 19-cr-380, Order, ECF No. 21 (D.D.C. Mar. 28, 2020), as an example where a district court concluded COVID-19 rebutted the statutory presumption of dangerousness and counted in favor of release. *See* ECF No. 28 at 4–5. But in *McLean*—which the district court acknowledged was a close case—there were positive cases and other inmates in quarantine at defendant's place of confinement, and the defendant had previously demonstrated an ability to be on supervised home confinement without incident for four weeks after his arrest.

ECF No. 25 at 14–16; *see also United States v. Phillips*, No. 2:19-CR-0081 KJM, 2020 WL 2084808, at *3 (E.D. Cal. Apr. 30, 2020).[2]

Defendant contends the Court's detention analysis requires it to consider the impact of the COVID-19 pandemic on his health and his current detention at the Federal Detention Center ("FDC") in Honolulu.  Specifically, Defendant argues the Court should order his release because he is 63 years old and his physical condition of emphysema increases the risks associated with COVID-19.  The Court recognizes that Defendant has offered evidence to support that he falls into a category of individuals that face a higher risk of complications from COVID-19 due to pre-existing health conditions.  *See* ECF No. 21-1 at 6–7.  However, upon an independent review of the record, the Court agrees with the Magistrate Judge that the precautions against contracting the disease recommended by the Centers for Disease Control and Prevention ("CDC") are the same for others in the community who do not fall within those categories, and are consistent with the Federal Bureau of Prisons ("BOP") and FDC's protocols.  *See id.*; *see also* ECF Nos. 25-1, 25-2; ECF No. 27 at 4 (listing precautions).  The Court also agrees with the Magistrate Judge's finding that Defendant has not disputed that FDC Honolulu

---

[2] While Defendant cites a case recognizing that COVID-19 makes international travel more difficult and thus a less-appealing means of flight, *see* ECF No. 28 at 3–4, the Court is not persuaded that more general concerns with Defendant appearing are less compelling now than they were at the time of Defendant's initial detention decision.

has been providing him adequate medical treatment, monitoring, and health-related prescriptions—which Defendant notes are necessary precautionary measures for those with conditions like his. *See* ECF No. 25 at 17; ECF No. 21-1 at 6. While Defendant cites sobering data regarding the impact of the pandemic within other jails and prisons, *see, e.g.*, ECF No. 31 at 2–5, the Court ultimately agrees with the Magistrate Judge's finding that the BOP and FDC Honolulu have taken strong and proactive measures to mitigate the spread of COVID-19 within FDC Honolulu, which is a low-capacity facility that has no reported cases.[3] *See* ECF No. 25-1; ECF No. 25-2; ECF No. 30 at 2. FDC Honolulu took early precautionary measures, including limiting visitors and instituting mandatory quarantine policies for new detainees, and has ramped up sanitation measures and maintained screening efforts. *See* ECF No. 25-1; ECF No. 25-2. In light of this, the Court

---

[3] The Court acknowledges Defendant's argument that a lack of reported cases is not dispositive. *See* ECF No. 31 at 2–3. It is, however, a relevant factor to consider and this fact, in combination with the continued proactive measures undertaken at FDC Honolulu, as well as specific facts relevant to Defendant's charged conduct, history and characteristics, and the danger he poses to the community, distinguish this case from those he relies on. *See, e.g.*, *United States v. Atkinson*, Case No. 2:19-CR-55 JCM (CWH), 2020 WL 1904585, at *2 (D. Nev. Apr. 17, 2020) (noting the government did not argue the defendant posed a danger to the community); *United States v. Amarrah*, Case No. 17-20464, 2020 WL 2220008, at *7 (E.D. Mich. May 7, 2020) (finding defendant would not pose a danger to the community); *United States v. Ben-Yhwh*, --- F. Supp. 3d ---, CR. NO. 15-00830 LEK, 2020 WL 1874125, at *6 (D. Haw. Apr. 13, 2020) (same). Still, the Court notes that Defendant may renew his request for temporary release based on changed circumstances at FDC Honolulu should they arise.

agrees that, although Defendant requests home confinement (which would require inter-island travel) or placement at the Makana O Ke Akua clean and sober house ("MOKA House"), any claim that these options constitute safer housing alternatives are speculative given the absence of any comparative evidence regarding relevant considerations for COVID-19 preparedness and minimizing the risk of infection.

Therefore, notwithstanding the seriousness of the COVID-19 pandemic, the Court concludes that the balance of the § 3142(g) factors in this particular case weigh against Defendant's release and, in combination, outweigh the risk to Defendant in light of his health conditions.

**B.     18 U.S.C. § 3142(i) Analysis**

Defendant also claims the COVID-19 pandemic and his health conditions constitute a "compelling" reason to grant temporary release under 18 U.S.C. § 3142(i). While Defendant has submitted evidence to substantiate that he is at a higher risk of complications for COVID-19, this alone does not provide a sufficient basis to grant the remedy he seeks. As discussed above, the evidence submitted by the government in this case regarding the precautionary measures taken by the BOP and at FDC Honolulu, in combination with the lack of evidence of any active cases at FDC Honolulu or any evidence that Defendant has been denied necessary medical treatment, prevent the Court from finding a compelling reason to grant

temporary release. This is particularly so when Defendant has offered no convincing argument or analysis that his proposed release is tailored to mitigate the risks that COVID-19 poses to him personally. *See United States v. Clark*, --- F. Supp. 3d ---, Case No. 19-40068-01-HLT, 2020 WL 1446895, at *3 (D. Kan. Mar. 25, 2020) (assessing whether release under § 3142(i) was necessary by considering factors such as the original grounds for pretrial detention, the specificity of defendant's COVID-19 concerns, the extent to which the proposed release plan is tailored to mitigate COVID-19 risks to the defendant, and the likelihood the defendant's release would increase COVID-19 risks to others).

Moreover, while Defendant has presented evidence of individualized health concerns, the Court must still consider those concerns alongside the terms of any temporary release, and the danger that Defendant poses to the safety of the community. Defendant's past inability to comply with conditions of release and his criminal history justify concluding Defendant has not demonstrated a compelling reason to order his temporary release under § 3142(i).

//

//

//

//

//

## IV. CONCLUSION

For the foregoing reasons, the Court AFFIRMS the Magistrate Judge's Order Denying Defendant's Motion to Reopen/Reconsider Detention and for Emergency Pretrial Release.

IT IS SO ORDERED.

DATED: Honolulu, Hawai'i, May 19, 2020.



Jill A. Otake
United States District Judge

CR No. 19-00170 JAO, *United States v. Cook*, ORDER AFFIRMING MAGISTRATE JUDGE DECISION DENYING DEFENDANT'S MOTION TO REOPEN/RECONSIDER DETENTION AND FOR EMERGENCY PRETRIAL RELEASE